**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30066 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00167-JCC |
| v. | |
| JILLIAN JOLENE INGRAM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Jillian Jolene Ingram appeals from the district court's judgment and

challenges the revocation of supervised release.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  The parties' joint motion to submit the case on the briefs is granted.

Ingram contends that the district court abused its discretion by revoking her supervised release based on the finding that she indirectly contacted N.G., the victim of the underlying offense. Specifically, she contends that there was no evidence that she intended to contact N.G. when she left messages for N.G.'s employer and posted a comment in response to a presentation N.G. posted online. Ingram's conduct supports an inference that the indirect contact was intentional, rather than inadvertent or unknowing. *See United States v. Bucher*, 375 F.3d 929, 934 (9th Cir. 2004) (intent can be inferred from defendant's conduct and surrounding circumstances). Viewed in the light most favorable to the government, the evidence was sufficient to support the district court's finding that Ingram violated the terms of her supervised release. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010). Accordingly, the district court did not abuse its discretion by revoking Ingram's supervised release based on her indirect contact with N.G. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).

**AFFIRMED.**

14-30066